**Robert Louis STEVENSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 38572.

Court of Criminal Appeals of Texas.

Nov. 17, 1965.

No attorney of record on appeal.

Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for felony theft; the punishment, enhanced under Art. 63, Vernon's Ann.P.C., by reason of two prior convictions for felonies less than capital, life imprisonment.

At the trial the prosecuting witness, Robert Proctor, testified that on or about the 24th day of June, 1964, two saddles were taken from his barn without his consent. State's exhibits #1 and 2 were identified by the witness as the two missing saddles which he later recovered in Lawton, Oklahoma. A value in excess of $50 was placed upon each saddle by the witness.

The witness Thurman Belcher testified that on June 25, 1964, he purchased a saddle, bridle, and spurs from the appellant in Lawton, Oklahoma for $77. State's exhibit #2 was identified by the witness as the saddle he had purchased. He further stated that at the time of the purchase, appellant was with a man identified by the name of Keer and that they had two saddles. He also testified that the saddle which he purchased and the other saddle introduced in evidence each had a market value of more that $50.

Louis Keer, an admitted accomplice to the crime, who had entered a plea of guilty and received a five-year probated sentence for the theft of two saddles, upon being called as a witness by the state, testified that on June 24, 1964, he and the appellant came to Texas from Clovis, New Mexico; that they were traveling in the witness's 1955 black and white Oldsmobile; that they first stopped in Silverton and after leaving there the witness stopped the car near a house on the highway, between one and two o'clock, a. m.; that appellant got out and in some fifteen minutes returned with one of the stolen saddles; that appel-

lant left the car again and returned the second time with the other stolen saddle. The witness testified that they then drove to Lawton, Oklahoma, where, the following morning, appellant sold one of the saddles to the witness Belcher for $77.

It was further shown that appellant was arrested in Lawton on June 25, while standing at a teller's window of a bank with a check in his hand for $77, which had been given to him by the witness Belcher. At such time, his companion, Keer, was arrested while seated in his 1955 black and white Oldsmobile parked by the side of the bank. With Keer's consent, the car was searched by the officers and the other stolen saddle (state's exhibit #1,) which was in open view, was recovered from the back seat.

Proof was made by the state of the two prior alleged convictions of the appellant for felonies, less than capital, by the introduction in evidence of certain authenticated copies of the records of the Colorado state penitentiary and by the comparison of fingerprints. From the records it was shown that on July 8, 1938, one Robert Stevenson was convicted in the District Court of El Paso County, Colorado, in Cause No. 9034, of the offense of burglary without force and thereafter, on the 20th day of November, 1950, one Robert Louis Stevenson was finally convicted in said court, in Cause No. 9897, of the offense of grand larceny. Certified copies of the informations and judgments in the two cases were also introduced in evidence which showed that the second conviction was for an offense committed after the first conviction had become final.

Deputy sheriff L. R. Cherryhomes, of Potter County, testifying as a fingerprint expert, stated that he had compared appellant's known fingerprints with those in the penitentiary records introduced in evidence and that they were identical and made by the same person.

Appellant did not testify and offered no evidence other than proof that a previous indictment returned against him, charging theft of the two saddles, had been dismissed prior to return of the instant indictment upon which he was tried.

The court submitted the issue of appellant's guilt to the jury upon a charge on the law of principals. The jury was also charged that the state's witness Louis Keer was an accomplice to the crime, and was fully instructed as to the evidence necessary to convict upon his testimony.

■ We find the evidence sufficient to sustain the judgment of conviction.

The record contains no formal bills of exception and there are no objections to the court's charge.

■ Complaint was made by appellant at the trial that the witness Cherryhomes was not shown to be qualified as a fingerprint expert.

The witness testified that he was superintendent of Identification and Records of the Potter County sheriff's department; that he had received special training in the field of fingerprint identification, including an eighteen months correspondence course with the Institute of Applied Science, in Chicago, Illinois, which he completed in seven months, and that he had also attended a number of schools on fingerprint work conducted by the F. B. I. and Department of Public Safety. The witness further testified that he had been engaged in fingerprint work since the year 1936, having been employed in the police department of the city of Amarillo for seventeen years and also in the sheriff's department at Hereford and Amarillo.

Under his testimony, the court did not err in holding the officer qualified to testify as a fingerprint expert. Todd v. State, 170 Tex.Cr.R. 552, 342 S.W.2d 575.

■ The sentence imposed by the court provides that appellant be confined in the penitentiary for a term of not less than two (2) years nor more than life. The same is reformed so as to provide for no mini-

mum punishment and to read that he be confined in the penitentiary for life. Art. 63, supra.

As reformed, the judgment is affirmed.

Opinion approved by the court.