### Ex parte George Washington HAMMONDS.

### No. 39810.

Court of Criminal Appeals of Texas.

Nov. 2, 1966.

Toby Goldsmith, Fort Worth, for relator.

Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

WOODLEY, Judge.

This is a habeas corpus proceeding attacking the validity of a life sentence for burglary wherein two prior convictions were used to enhance the punishment.

The record made at the hearing before the trial judge which resulted in the granting of the writ returnable before this Court reflects that in one of the prior convictions, which was for the offense of burglary and occurred in the 70th Judicial District of Midland County on July 3, 1945, petitioner waived a jury and pleaded guilty before the court without being represented by counsel.

Art. 10a Vernon's Ann.C.C.P., in effect at the time of the 1945 conviction in Midland County, provided that before a defendant who has no attorney can agree to waive a jury, the court must appoint an attorney to represent him.

Under recent opinions of the Supreme Court of the United States, applying Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, the 1945 conviction was void and could not be used to enhance the punishment. See Greer v. Beto, 384 U.S. 269, 86 S.Ct. 1477, 16 L.Ed.2d 526, and cases cited.

The provisions of Art. 62 P.C. were applicable and the prior conviction for burglary in 1952 authorized a punishment of 12 years.

The record reflects that the petitioner has served in excess of 12 years and is entitled to be released from further confinement under the life sentence affirmed by this Court in Hammonds v. State, 167 Tex. Cr.R. 228, 320 S.W.2d 7.

It is so ordered.