**Ex parte Tommy N. GREER.**

**No. 39981.**

Court of Criminal Appeals of Texas.

Nov. 30, 1966.

---◆---

Will Gray, Houston, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

### OPINION

WOODLEY, Judge.

This is a habeas corpus proceeding attacking the validity of the life sentence under Art. 63 P.C. affirmed by this Court in Greer v. State, 165 Tex.Cr.R. 300, 306 S.W. 2d 371.

The application, "denied" by the endorsement of two of the Judges of this Court,

presented the contention that his conviction in Bastrop County on July 18, 1952, used to enhance his punishment under Art. 63 P.C., was void because:

(A) he was not represented by counsel,

(B) was not afforded an opportunity to secure court appointed counsel,

(C) was indigent when he pleaded guilty, and

(D) he did not waive his right to the assistance of counsel.

The Supreme Court of the United States, on May 23, 1966, granted certiorari; vacated the order denying the application, with costs, and remanded the cause to this Court for further proceedings not inconsistent with the opinion of the Supreme Court, Greer v. Beto, 384 U.S. 269, 86 S.Ct. 1477, 16 L.Ed.2d 526.

On June 23, 1966, following receipt of the mandate of the Supreme Court, petitioner's alternative prayer was granted and the Judge of the 21st Judicial District was instructed to have a hearing on the question of whether or not petitioner was represented by counsel, was afforded an opportunity to secure court appointed counsel, and was indigent at the time he plead guilty to the indictment in the Bastrop County cause.

On July 5, 1966, upon allegation that our order of June 23, 1966 was contrary to and inconsistent with the opinion of the Supreme Court, and that no further proceedings were required or authorized, a Petition for Writ of Mandamus and/or Writ of Prohibition against the Judges of the Court of Criminal Appeals of Texas was forwarded to the Supreme Court and on October 10, 1966, motion for leave to file such petition was denied.

Though no hearing has been had pursuant to our order of June 23, 1966, it is now made to appear that the conviction in Bastrop County was upon a plea of guilty before the court and that the petitioner, defendant in said cause, was without counsel and was

permitted to waive a jury without counsel being appointed as required by Art. 10a Vernon's Ann.C.C.P., in effect at the time.

Under the holding of the Supreme Court in Greer v. Beto, 384 U.S. 269, 86 S.Ct. 1477, 16 L.Ed.2d 526, the Bastrop County conviction was not available to enhance the punishment for a subsequent burglary. See Ex parte Hammonds, Tex.Cr.App., 407 S.W. 2d 779, decided November 2, 1966.

Petitioner has served in excess of 12 years.

The application for writ of, habeas corpus is granted and it is ordered that petitioner be released from further confinement under the life sentence affirmed by this Court in Greer v. State, 165 Tex.Cr.R. 300, 306 S.W.2d 371.