**Ex parte Arlice J. HUFFMAN.**

**No. 40475.**

Court of Criminal Appeals of Texas.

May 24, 1967.

Arlice J. Huffman, pro se.

Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

This is an application for writ of habeas corpus brought by an inmate of the Department of Corrections. He alleges that he was without counsel at the time he plead guilty to felony theft on April 12, 1948, in Cause No. 8798 in the Ninth Judicial District Court of Montgomery County and that such conviction was later used for enhancement in a subsequent life sentence conviction in 1951 in the District Court of Caldwell County as a third offender.

This Court has been furnished a certified copy of the judgment in Cause No. 8798 which does not indicate that counsel was present when petitioner entered his plea of guilty.

On January 26, 1967, this Court requested the Honorable Ernest Coker, Judge of the Ninth Judicial District, to certify whether or not counsel was present at the time of the entry of the plea of guilty in said cause and informed him that, unless otherwise indicated by his certification, petitioner's allegation that he was without counsel would be accepted as true. In this connection it should be noted that in Huffman v. Beto, D.C., 260 F.Supp. 63, at 66, the State conceded that petitioner was not represented by counsel in his 1948 Montgomery County conviction.

In reply, Judge Coker certified that he always appointed counsel "if one was requested." This is not sufficient to comply with the terms of Art. 10a Vernon's Ann.C.C.P. (now Art. 1.13) and the holdings of this Court in Ex parte Greer, 408 S.W.2d 711, and Ex parte Hammonds, 407 S.W.2d 779.

Petitioner has served in excess of 12 years which is the maximum permissible punishment for a conviction for burglary without prior non capital convictions used for enhancement.

The application for writ of habeas corpus is granted and it is ordered that petitioner be released from further confinement under the life sentence affirmed by this Court in Huffman v. State, 245 S.W.2d 265.