**Ex parte Hilla B. DARDEN.**

**No. 40567.**

Court of Criminal Appeals of Texas.

July 12, 1967.

------◆------

Wardlow & Cochran, Fort Worth, for relator.

Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Judge.

This is a habeas corpus proceeding attacking the validity of a life sentence for burglary assessed petitioner in the Criminal District Court of Tarrant County in the year 1951, wherein two prior convictions were used to enhance the punishment.

From the record made at the hearing before the trial judge, which resulted in the granting of the writ returnable to this court, it appears that in one of the prior convictions for the offense of burglary, in the 86th Judicial Court of Kaufman County, on May 9, 1949, petitioner waived a jury and pleaded guilty before the court without being represented by counsel.

Art. 10a, V.A.C.C.P. (now Art. 1.13, Vernon's Ann.C.C.P. of 1965), in effect at the time of the 1949 conviction in Kaufman County, provided that before a defendant who has no attorney can agree to waive a jury, the court must appoint an attorney to represent him.

Under recent opinions of the Supreme Court of the United States, applying Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, the 1949 conviction was void and could not be used to enhance the punishment. See: Greer v. Beto, 384 U.S.

269, 86 S.Ct. 1477, 16 L.Ed.2d 526, and cases there cited.

The provisions of Art. 62, Vernon's Ann. P.C., were applicable, and the other prior conviction for burglary in 1947 authorized a punishment of twelve years.

The record reflects that the petitioner has served in excess of twelve years and is entitled to be released from further confinement under the life sentence affirmed by this court in Darden v. State, 156 Tex. Cr.R. 527, 244 S.W.2d 231.

It is so ordered.