**Ex parte Charlie HANCE.**

**No. 40577.**

Court of Criminal Appeals of Texas.

July 12, 1967.

Charlie Hance, pro se.

Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

This is a habeas corpus proceeding attacking the validity of a life sentence wherein two prior convictions were used to enhance the punishment.

Petitioner alleges that the punishment in his primary conviction for burglary was enhanced to life imprisonment by the use of a void 1950 conviction for theft of an automobile. He contends that the conviction for theft was void because he was not represented by counsel at the time he plead guilty and waived the jury as is required by Article 1.13, Vernon's Ann.C.C.P., 1965, (Article 10a V.A.C.C.P. 1925). The records before the Court at this time substan-

tiate petitioner's allegation. The 1950 conviction is void. Wilson v. State, 157 Tex. Cr.R. 642, 252 S.W.2d 197, and Ex parte Rawlins, 158 Tex.Cr.R. 346, 255 S.W.2d 877. Under recent opinions by the Supreme Court of the United States, Greer v. Beto, 384 U.S. 269, 86 S.Ct. 1477, 16 L.Ed.2d 526, and by this Court in Ex parte Hammonds, Tex.Cr.App. 407 S.W.2d 779, and Ex parte Greer, Tex.Cr.App. 408 S.W.2d 711, such a conviction cannot be used to enhance punishment.

The provisions of Article 62, Vernon's Ann.P.C. were applicable and the prior conviction for robbery by assault in 1938 authorized a punishment of twelve years. Article 1397, V.A.P.C.

The record reflects that petitioner has served in excess of the twelve years and is entitled to be released from further confinement under the life sentence in Cause No. 6553 from Lavaca County.

It is so ordered.