**Ex parte Vernon E. HILL.**

**No. 40632.**

Court of Criminal Appeals of Texas.

July 26, 1967.

Greer, Tex.Cr.App., 408 S.W.2d 711; Ex parte Rawlins, 158 Tex.Cr.R. 346, 255 S.W.2d 877; Wilson v. State, 157 Tex.Cr.R. 642, 252 S.W.2d 197. It is made to appear that petitioner has served in excess of the minimum term for forgery which could have been lawfully assessed under the indictment.

The petition for writ of habeas corpus is granted and petitioner is ordered released from further confinement under the life sentence affirmed by this Court in Hill v. State 149 Tex.Cr.R. 324, 194 S.W.2d 266.

BELCHER, J., not participating.

———◆———

Vernon E. Hill, pro se.

Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

This is a habeas corpus proceeding attacking the conviction for forgery with punishment enhanced under Article 63, P.C., affirmed by this Court in Hill v. State, 149 Tex.Cr.R. 324, 194 S.W.2d 266.

It is now made to appear that in one of the prior convictions used to enhance the punishment in said cause the defendant entered a plea of guilty before the court without a jury to the offense of felony theft (Cause No. 14526 in the 18th District Court of Johnson County on October 31, 1932) and that he did not have a lawyer and was not represented by counsel at such trial as required by Article 10a, V.A.C.C.P., in effect at the time.

The prior conviction in Johnson County is void and its use in enhancing the punishment for a subsequent offense of forgery renders the latter conviction void. Greer v. Beto, 384 U.S. 269, 86 S.Ct. 1477, 16 L.Ed.2d 526; Ex parte