**Ex parte Daniel LANE.**

**No. 40646.**

Court of Criminal Appeals of Texas.

July 26, 1967.

A. W. Davis, Bryan, for relator.

William R. Vance, Asst. County Atty., and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

This is a habeas corpus proceeding attacking petitioner's conviction for assault with intent to murder with punishment enhanced under Article 63, P.C.

The conviction was in Cause No. 9147 in the District Court of Brazos County on May 5, 1955.

The prior convictions used to enhance the punishment were in the same court. One was for assault with intent to murder with malice in Cause No. 7843 on October 2, 1933. The other was for burglary in Cause No. 8135 on March 1, 1937.

The evidence adduced at a hearing on petitioner's application for writ of habeas corpus sustains petitioner's allegation that he was indigent and unable to employ counsel on March 1, 1937, and that he was not represented by counsel and did not intelligently and understandingly waive his right to counsel in Cause No. 8135.

The state points out that the prior conviction for assault with intent to murder in 1933 in which he was represented by counsel was available to enhance the punishment for a like offense under Art. 62, P.C. Appellant has credit for more than 15 years on his sentence. We need not therefore dis-

cuss the necessity of the sentence being reformed so as to provide for a term of 15 years under Art. 62, P.C., rather than life under Art. 63, P.C.

For like reason we need not consider the interesting question of the effect of the jury in Cause No. 8135 having assessed petitioner's punishment at 5 years in the penitentiary in addition to their verdict finding that he had been twice previously convicted of a felony less than capital as charged in the indictment, both of which verdicts were received by the court and judgment rendered and sentence pronounced thereon.

' ▮ Under recent decisions, the 1937 conviction for burglary is void and was not available to enhance the punishment under Art. 63, P. C. Greer v. Beto, 384 U.S. 269, 86 S.Ct. 1477, 16 L.Ed.2d 526; Ex parte Hammonds, Tex.Cr.App., 407 S.W.2d 779. Petitioner, having credit for more than the maximum term to which he could have been legally sentenced in Cause No. 9147 on May 5, 1955, is entitled to his writ.

The petition for writ of habeas corpus is granted and petitioner is ordered released from further confinement under sentence in said Cause No. 9147.