**Ex parte C. D. WILLIAMS.**

**No. 40892.**

Court of Criminal Appeals of Texas.

Nov. 22, 1967.

Julian Weisler, Brenham, for petitioner.

A. W. Hodde, Jr., County Atty., Brenham, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

This is a habeas corpus proceeding by an inmate of the Texas Department of Corrections attacking the validity of the life sentence under which he is now confined. Petitioner (also applicant) filed his pro se application for writ of habeas corpus in the 21st District Court of Washington County under the provisions of Article 11.07, Vernon's Ann.C.C.P., as amended (Acts 1967, 60th Leg., Ch. 659, pp. 1732, 1734, 1735). See also Ex parte Young, Tex.Cr.App., 418 S.W.2d 824.

In said application petitioner alleged that he is now confined by virtue of a judgment and sentence entered in Cause 6198 on March 20, 1939, in the District Court of Washington County for the offense of Passing as True a Forged Instrument with punishment assessed at life as a habitual criminal. Petitioner further alleges that at the time of such trial he was indigent; that he did not have counsel and that he did not waive his right to counsel. In support of his contention he cites Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799.

The petitioner was granted a hearing on his application, and on October 23, 1967, such hearing was conducted before the Honorable Max M. Rogers. At the conclusion of such hearing Judge Rogers found that at his 1939 trial petitioner was too poor to employ counsel, did not have counsel nor did he waive such right. The writ was made returnable to this Court and Judge Rogers has forwarded the record, including his findings.

Gideon v. Wainwright, supra, established the federal constitutional right of a destitute defendant to counsel in all felony cases where he has not intelligently waived the same. Such decision has been held to have retroactive application by the United States Supreme Court, Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601;

Tehan v. United States ex rel. *Shott,* 382 U. S. 406, 86 S.Ct. 459, 15 L.Ed.2d 453; Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882; Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199; Pickelsimer v. Wainwright, 375 U.S. 2, 84 S.Ct. 80, 11 L.Ed.2d 41; Doughty v. Maxwell, 376 U.S. 202, 84 S.Ct. 702, 11 L. Ed.2d 650; Arthur v. Colorado, 380 U.S. 250, 85 S.Ct. 943, 13 L.Ed.2d 818; Burgett v. State of Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (November 13, 1967); Greer v. Beto, 384 U.S. 269, 86 S.Ct. 1477, 16 L.Ed.2d 526, and by the Fifth Circuit Court of Appeals, Williams v. State of Alabama, 341 F.2d 777; Davis v. Holman, 354 F.2d 773, cert. den. 384 U.S. 907, 86 S.Ct. 1343, 16 L.Ed.2d 359, as well as by this Court, Ex parte Greer, 408 S.W.2d 711; Ex parte Hammonds, 407 S.W.2d 779.

The application for writ of habeas corpus is granted, the petitioner ordered released from custody under his conviction in *said Cause 6198, and remanded to the Sheriff* of Washington County to answer the indictment pending against him in said cause.

It is so ordered.