**Ex parte Robert Louis STEVENSON.**

**No. 40997.**

Court of Criminal Appeals of Texas.

Jan. 10, 1968.

John E. Chamberlain, Memphis (By Court Appointment), for relator.

John Gillham, Dist. Atty., Clarendon, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

This is an original application for writ of habeas corpus by an inmate of the Texas Department of Corrections. Petitioner challenges the legality of his conviction as a habitual criminal on February 2, 1965, in Cause No. 2293 in the 100th Judicial District Court of Hall County, which conviction was affirmed by this Court. 395 S. W.2d 626. His grounds are that he was indigent and was not represented by counsel when he was convicted of burglary without force in Cause No. 9034 on May 10, 1938, and of grand larceny on November 20, 1950, in Cause No. 9897, both convictions occurring in the District Court of El Paso County, Colorado, and that both convictions were improperly used for enhancement in the 1965 Texas trial in Hall County.

In accordance with the provisions of Article 11.07, Vernon's Ann.C.C.P., as amended, and the opinion of this Court in Ex parte Young, Tex.Crim.App., 418 S.W.2d 824, petitioner's pro se application for writ of habeas corpus was filed in the convicting court. The Honorable Charles L. Reynolds, Judge of the 100th Judicial District Court, having determined that petitioner's application containing sworn allegations of material unresolved issues of fact, granted on a hearing on the disputed fact issues, and appointed counsel to represent this indigent petitioner at said hearing. Notice was properly given to the District Attorney and the Attorney General of Texas.

Following such hearing on November 2, 1967, Judge Reynolds entered his findings of facts and conclusions of law and caused the same together with a narration of the facts to be transmitted to this Court. In his findings of facts and conclusions of law the Judge found that the petitioner was without counsel at the time of both of his prior Colorado convictions used for enhancement and that in such cases he did not knowingly and intelligently waive his right to counsel. He concluded that such convictions were void and could not properly have been used for enhancement in Cause No. 2293 in the 100th District Court wherein the petitioner was charged by indictment with the instant offense of felony theft. The record supports such findings and conclusions and further reflects without dispute that the petitioner was indigent at the time of his Colorado convictions. We are in full accord with Judge Reynolds' conclusions.

Under the holding of the United States Supreme Court in Greer v. Beto, 384 U.S. 269, 86 S.Ct. 1477, 16 L.Ed.2d 526, the Colorado state convictions were not available to enhance the punishment for the subsequent offense of felony theft. Ex parte Greer, Tex.Cr.App., 408 S.W.2d 711; Ex parte Hammonds, Tex.Cr.App., 407 S. W.2d 779; See Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319. See also Ex parte Williams, Tex.Cr.App., 420 S. W.2d 931 (1967).

In Burgett v. Texas, supra, the Court said:

"To permit a conviction obtained in violation of Gideon v. Wainwright to be

used against a person either to support guilt or enhance punishment for another offense (see Greer v. Beto, 384 U.S. 269, 86 S.Ct. 1477, 16 L.Ed.2d 526) is to erode the principle of that case. Worse yet, since the defect in the prior conviction was denial of the right to counsel, the accused in effect suffers anew from the deprivation of that Sixth Amendment right."

The application for writ of habeas corpus is therefore granted and it is ordered that petitioner be released from further confinement under the life sentence affirmed by this Court in Stevenson v. State, Tex.Cr.App., 395 S.W.2d 626.

Since the petitioner has not served the maximum term which could have been imposed for the primary offense charged in the indictment, he is remanded to the custody of the Sheriff of Hall County to answer the charge of felony theft contained in the indictment pending against him in Cause No. 2293.

It is so ordered.