**Ex parte David JACKSON.**

**No. 41097.**

Court of Criminal Appeals of Texas.

Feb. 7, 1968.

———◆———

Daylee Wiggins, Beaumont, for appellant.

W. C. Lindsey, Dist. Atty., Beaumont, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

This is a petition for writ of habeas corpus attacking the sentence pronounced in Cause No. 18445 in Criminal District Court of Jefferson County on March 21, 1952, in which the punishment for burglary of a private residence was enhanced under Art. 63 P.C., one of the prior convictions being in Cause No. 13472 in which petitioner was, on May 9, 1939, convicted in said court of the offense of burglary of a private residence.

The judge of the court in which the convictions were had, after a hearing, found that petitioner was not represented by counsel in said Cause No. 13472; that he was indigent and too poor to employ counsel; that the right to counsel was not waived; that trial by jury was not waived and that there was no specific request that counsel be appointed.

 Upon such findings, the judge conducting the hearing correctly concluded that petitioner was entitled to relief. Ex parte Williams, Tex.Cr.App., 420 S.W.2d 931; Ex parte Stevenson, Tex.Cr.App., 422 S.W.2d 733, and cases cited.

The trial judge correctly notes that the punishment for burglary of a private residence may not be enhanced under Art. 62 P.C. by reason of one prior conviction. Heard v. State, Tex.Cr.App., 416 S.W.2d 427, and cases cited.

The petition for writ of habeas corpus is granted and it is ordered that petitioner be released from further confinement in the Department of Corrections and remanded to custody of the Sheriff of Jefferson County to answer indictment in Cause No. 18445 in Criminal District Court.