**Ex parte Jim GREGG.**

**No. 41253.**

Court of Criminal Appeals of Texas.

April 10, 1968.

James F. Warren, Navasota, for petitioner.

Monroe Clayton, Asst. Atty. Gen., Austin, for the State.

OPINION

WOODLEY, Presiding Judge.

This is a habeas corpus proceeding attacking petitioner's conviction for assault with intent to rape, in Cause No. 9499 in the District Court of Grimes County on February 7, 1939, with punishment assessed at 35 years.

The application was presented to the Honorable Max M. Rogers, the judge presiding in said District Court, who after hearing found that in said trial in 1939 the petitioner herein was not afforded assistance of counsel as required by the 6th and 14th Amendments to the Constitution of the United States as set forth in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, and concluded that petitioner was entitled to relief.

The record forwarded to this court sustains the findings and conclusions of the District Judge.

An applicant for writ of habeas corpus who is illegally restrained under a void felony conviction is entitled to release from further confinement thereunder. Whether he will be remanded to answer the indictment rests upon whether or not he has served the maximum term to which he could be legally sentenced under the indictment.

If he has credit sufficient to satisfy such maximum sentence he will be released outright. Ex parte Darden, Tex.Cr.App., 417 S.W.2d 164, 165; Ex parte Hance, Tex. Cr.App., 417 S.W.2d 175; Ex parte Young, Tex.Cr.App., 417 S.W.2d 403; Ex parte Lane, Tex.Cr.App., 417 S.W.2d 589; Ex parte Punchard, Tex.Cr.App., 415 S.W.2d 660; Ex parte Kellison, Tex.Cr.App., 422 S.W.2d 729; Ex parte Puckett, 165 Tex. Cr.R. 605, 310 S.W.2d 117; Ex parte Daniels, 158 Tex.Cr.R. 2, 252 S.W.2d 586; Ex parte Huffman, Tex.Cr.App., 415 S.W. 2d 408; Ex parte Morgan, Tex.Cr.App., 412 S.W.2d 657.

To the same effect is Ex parte Hill, Tex. Cr.App., 417 S.W.2d 404, in which the opinion should have read that the petitioner had served in excess of the *maximum* term.

Petitioner has not served the maximum term to which he could have been legally sentenced under the indictment for the offense of assault with intent to rape. He is entitled to release from further confinement under the void sentence attacked, but will be delivered to the custody of the Sheriff of Grimes County to answer the indictment in said Cause No. 9499. Ex parte Williams, Tex.Cr.App., 420 S.W.2d 931; Ex parte Stevenson, Tex.Cr.App., 422 S.W.2d 739; Ex parte Larkin, Tex.Cr. App., 420 S.W.2d 958; Ex parte Jackson, Tex.Cr.App., 423 S.W.2d 597; Ex parte Cross, Tex.Cr.App., 427 S.W.2d 64.

It is so ordered.