**Ex parte Calvin CROSS.**

**No. 41252.**

Court of Criminal Appeals of Texas.

April 10, 1968.

Bill Palmos, Hearne, for petitioner.

Bryan F. Russ, County Atty., Hearne, for respondent.

## OPINION

ONION, Judge.

This is an original application for Writ of Habeas Corpus brought by the applicant seeking his release from the Texas Department of Corrections. He challenges the legality of his conviction as an habitual criminal in Cause No. 10,890, in the District Court of Robertson County on July 20, 1939. His grounds are that at such time he was indigent, was not represented by counsel, that he did not waive his right to counsel, and that likewise at the time of the prior convictions alleged he was without counsel. Applicant first presented his application to the convicting court as required by Article 11.07, Vernon's Ann.C.C.P., as amended. See Ex parte Young, Tex.Cr. App., 418 S.W.2d 824. The present trial judge, the Honorable W. C. Wallace, has made the writ returnable to this Court with his findings of facts and conclusions of law following a hearing at which the applicant was represented by counsel.

■ Judge Wallace's findings that the applicant was indigent and without counsel at the time of his Robertson County trial for felony theft with prior convictions alleged for enhancement under Article 63, Vernon's Ann.P.C., and that he did not waive his right to counsel are amply supported by the record. There can, therefore, be no question that the applicant is entitled to a part of the relief he seeks. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799. The Gideon decision has been held to apply retroactively by both the federal courts and this Court.

See Ex parte Williams, Tex.Cr.App., 420 S.W.2d 931 and cases there cited.

■ An applicant in a habeas corpus proceeding has the burden of proving by a preponderance of the evidence that he did not competently and intelligently waive a constitutional right which he asserts was denied him. Ex parte Morgan, Tex.Cr. App., 412 S.W.2d 657. From the record we conclude applicant has not sustained his claim that at the time of his prior convictions alleged in the indictment he was indigent and without counsel, which right he did not waive.

"An applicant for writ of habeas corpus who is illegally restrained under a void felony conviction is entitled to release from further confinement thereunder. Whether he will be remanded to answer the indictment rests upon whether or not he has served the maximum term to which he could be legally sentenced under the indictment." Ex parte Gregg, Tex.Cr.App., 427 S.W.2d 66.

If the applicant Cross had shown that the prior convictions alleged were illegally used to enhance his punishment, then he would have been entitled to outright release since he has credit in excess of 22 years and the maximum term for the instant offense of felony theft for which he could have been legally sentenced is ten years. Article 1421, V.A.P.C.[1]

■ Since the applicant has not sustained his burden of proof as to the prior convictions and therefore since maximum term for which he could be legally sentenced is life (Article 63, V.A.P.C.), he must be remanded to answer the indictment.

The application for Writ of Habeas Corpus is granted, and the applicant, Calvin

---

1. Where a felony conviction has been held void, a showing that an applicant has served the maximum term for the primary offense would entitle him to outright release even if he could have been legally sentenced under Article 62, V.A. P.C. The maximum penalty under said Article 62 is the maximum term that is affixed by law to the primary offense.

Cross, is ordered released from further confinement in the Texas Department of Corrections and remanded to the custody of the Sheriff of Robertson County, Texas, to answer the indictment in Cause No. 10,890.

It is so ordered.