**Ex parte J. T. CROFT.**

No. 41458.

Court of Criminal Appeals of Texas.

June 19, 1968.

Justin Kever, San Angelo (by appointment), for petitioner.

Royal Hart, Dist. Atty., San Angelo, Robert E. Owens, Asst. Atty. Gen., and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Judge.

This is a habeas corpus proceding attacking petitioner's conviction for robbery by assault, with punishment enhanced under Art. 63, P.C., at life imprisonment.

The conviction was in Cause No. 4836–B in the 119th Judicial District Court of Tom Green County, on September 29, 1947.

Petitioner is presently confined in the Texas Department of Corrections under said conviction and life sentence.

From the facts certified to this court by the Honorable Glenn R. Lewis, Judge of the 119th Judicial District Court of Tom Green County, after a hearing held under Art. 11.07, Vernon's Ann.C.C.P., it appears that the petitioner was not represented by counsel at his trial and that he was indigent.

It is further made to appear that in the year 1943, in the District Court of Coleman County, petitioner was adjudged to be of unsound mind, and that he was subsequently committed to the Austin State Hospital. There is no showing that from the date of the adjudication to the time of his trial in 1947, petitioner had been adjudged to be sane.[1]

---

1. In the 1947 trial, insanity was interposed as a defense and the jury, by their verdict, found petitioner sane on the date of the commission of the offense but made no finding as to his sanity on the date of trial. In his findings, the court certifies that at this time no adequate or fair hearing could be had to determine the question of petitioner's sanity on the date of his trial in September, 1947.

By reason of his insanity, petitioner could not waive his right to counsel in the 1947 trial.[2]

Under the decisions of the Supreme Court of the United States in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed. 2d 799, and subsequent opinions by that court, petitioner's conviction is void. See, also, Ex parte Williams, Tex.Cr.App., 420 S.W.2d 931, and cases there cited.

The petition for writ of habeas corpus is granted and the petitioner is ordered released from the penitentiary and delivered to the custody of the sheriff of Tom Green County to answer the indictment in Cause No. 4836–B in the 119th Judicial District Court of Tom Green County.

2. There is a conflict in the evidence as to whether petitioner was offered the appointment of counsel by the trial judge. The court certifies in his findings that petitioner was twice offered appointment of counsel by the judge then presiding but concludes as a matter of law that by reason of the adjudication of insanity petitioner could not waive his right to counsel.