**Ex parte Huron Ted WALTERS.**

**No. 41542.**

Court of Criminal Appeals of Texas.

Sept. 16, 1968.

Banner & McIntosh, by Jack Banner, Wichita Falls, for petitioner.

Marvin F. London, County Atty., Montague, Howard Fender and Monroe Clayton, Asst. Attys. Gen., Austin, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

This is an application for writ of habeas corpus certified to this Court under the provisions of Art. 11.07, Vernon's Ann. C.C.P.

Petitioner is restrained under a judgment of conviction in cause No. 8249 from the District Court of Montague County, dated October 27, 1938, wherein he was found guilty of the offense of theft of an automobile and wherein it was further found that he had twice before been convicted of non-capital felonies and his punishment was assessed at confinement for life under Art. 63, V.A.P.C.

The sole question is whether or not petitioner was represented by counsel at the time he was first convicted for felony theft upon his plea of guilty in Van Zandt County in 1934.

■ The trial court who heard this application and certified the same to this Court together with his findings of fact and conclusions of law has, after an evidentiary hearing, found that he was not represented by counsel and that such conviction was void in contravention of Art. 10a, now Art. 1.13, V.A.C.C.P., and therefore not available for the purpose of enhancement in the 1938 Montague County conviction. An examination of the record before us leads us to the conclusion that the trial Court was correct in his finding.

Proof offered by the respondent at the hearing in this cause included an affidavit executed by the Honorable A. A. Dawson, who was the County Attorney of Van Zandt County at the time of petitioner's 1934 conviction, in which he stated:

"As I have previously stated, I have no independent recollection of (petitioner's) trial or as to whether or not Mr. Walters was represented by counsel. I do know, however, that it was never the policy of the Court to accept a guilty plea without an attorney, either retained or appointed, where the Defendant did not expressly waive same."

In Wilson v. State, 157 Tex.Cr.R. 642, 252 S.W.2d 197, we pointed out that before an accused might be allowed to waive a jury and plead guilty it is incumbent upon the court to appoint an attorney for him because of the mandatory terms of Art. 10a, supra.

In Ex parte Greer, Tex.Cr.App., 408 S.W.2d 711, we held that a conviction upon a plea of guilty where petitioner was permitted to waive a jury, and where petitioner was not represented by counsel, was not available to enhance punishment for a subsequent offense.

■ This being so and since petitioner has served far in excess of any sentence which he might legally have been assessed in Cause No. 8249 from Montague County, he should be released from further confinement.

It is so ordered.