**Ex parte Jack YOUNG.**

**No. 41780.**

Court of Criminal Appeals of Texas.

Dec. 11, 1968.

found that petitioner was, on April 11, 1940, convicted of burglary in Cause No. 8373 in said court and sentenced to life imprisonment, the punishment being enhanced by two prior felony convictions, and found that petitioner was indigent and did not have counsel during the trial of said Cause No. 8373; was not advised of his right to counsel; was not offered appointment of counsel; did not knowingly and intelligently waive counsel in said cause, and accepted sentence on the day of his conviction without knowledge of his right to counsel for appeal or knowledge of his right to·appeal.

Upon such findings, which are supported by the evidence adduced at the hearing, Judge Coker correctly concluded that petitioner is unlawfully restrained and his petition should be granted. Ex parte Gregg, Tex.Cr.App., 427 S.W.2d 66, and cases cited.

It is accordingly ordered that petitioner be released from further confinement under the life sentence in said Cause No. 8373, and that he be remanded to the custody of the Sheriff of Montgomery County, Texas, to answer the indictment in said cause.

Lee G. Alworth, Conroe, for petitioner.

Ellis Qualline, Jr., Dist. Atty., Conroe, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

This is a habeas corpus proceeding instituted by the filing of a petition in the Ninth Judicial District Court of Montgomery County under the provisions of Art. 11.07 Vernon's Ann.C.C.P. A prior petition to this court was denied in Ex parte Young, 418 S.W.2d 824, in which Art. 11.-07 as amended in 1967 was construed.

Hearing having been granted, Honorable Ernest Coker, now Judge of said court,