Ex parte James GORDON.

No. 42028.

Court of Criminal Appeals of Texas.

April 9, 1969.

Marvin O. Teague, Houston, for petitioner.

W. C. Lindsay, Dist. Atty., J. R. DeWitt, Asst. Dist. Atty., Beaumont, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

This is an original application for writ of habeas corpus brought by the petitioner seeking his release from the Texas Department of Corrections. He challenges the legality of his conviction as an habitual criminal in Cause No. 16051 in the Criminal District Court of Jefferson County on July 18, 1945. His grounds are that at such time he was indigent, was not represented by counsel and that he did not waive his right to counsel.

Petitioner first presented his application to the convicting court as required by Article 11.07, Vernon's Ann.C.C.P. as amended 1967. See Ex parte Young Tex.Cr.App., 418 S.W.2d 824. The present trial judge, the Honorable George D. Taylor, has made the writ returnable to this Court with his findings of fact and conclusions of law following a hearing at which the appellant was represented by counsel.

 Judge Taylor's findings that the petitioner was indigent and without counsel at the time of his trial in said Cause No. 16051 for burglary with prior convictions alleged for enhancement under Article 63, Vernon's Ann.P.C., and that he did not waive his right to counsel are amply supported by the record.

There can be no question that petitioner is entitled to the relief he seeks. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799. The Gideon decision has been held to apply retroactively by both the federal courts and this Court.

See Ex parte Williams, Tex.Cr.App., 420 S.W.2d 931 and cases there cited.

The application for writ of habeas corpus is therefore granted. The petitioner has not, however, served the maximum term to which he could have been legally sentenced under the habitual criminal indictment. He is entitled to release from further confinement under the void sentence attacked, but will be delivered to the custody of the Sheriff of Jefferson County to answer the indictment in said Cause No. 16051. See Ex parte Gregg, Tex.Cr.App., 427 S.W.2d 66 and cases there cited.