**Ex parte Douglas F. BRYAN.**

**No. 42082.**

Court of Criminal Appeals of Texas.

May 7, 1969.

Roy Q. Minton, John Landrum Foster, Austin, for petitioner.

D. B. Cofer, Jr., Dist. Atty., Bryan, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is a habeas corpus proceeding under Article 11.07, Vernon's Ann.C.C.P., and in accordance with Ex parte Young, Tex.Cr. App., 418 S.W.2d 824.

The conviction was in the District Court of Brazos County in Cause No. 8751, on May 14, 1947, under Art. 63, V.A.P.C. The punishment was assessed at life. The indictment charged burglary of a private residence at night with two prior convictions of felonies less than capital for the purpose of enhancement. The Honorable W. C. Davis, Judge of the District Court of Brazos County, found that petitioner was indigent; that he was not represented by counsel at any stage of the proceedings, and that he did not understandingly waive his right to counsel.

Petitioner contends that the prior convictions were not used for enhancement purposes, and that he is entitled to outright release, because he has served more than the minimum penalty for the offense of burglary. He cites Balas v. State, Tex.Cr. App., 412 S.W.2d 53.

In determining if the prior convictions were used, it is necessary to consider the verdict and the court's charge. The trial court instructed the jury if they found that he had been convicted in the two prior burglary cases and "you further find and believe from the evidence beyond a reasonable doubt, that the defendant, Douglas F. Bryan, is guilty of the offense of burglary, as charged in the first count of the indictment, then you will find the defendant guilty, as charged in the indictment, and assess his punishment at confinement in the penitentiary for life", and the jury was further instructed if they did not believe that he had been convicted two times for the offense of burglary or had a reasonable doubt thereof but found from the evidence beyond a reasonable doubt that he was guilty of the offense of burglary "as charged in the first count of the indictment, then you will find the defendant guilty, as charged in the first count of the indictment, and assess his punishment for any number of years not less than five." The verdict reads as follows: "We the jury find the defendant guilty as charged."

■ The jury found in its verdict that the defendant was *guilty as charged,* the phrase used in instructing the jury in connection with the prior offenses. It should be noted that the jury did not find him guilty *as charged in the first count of the indictment* which would have been used if the jury had found that he had not been convicted of the prior offenses. The trial court had sufficient findings of the jury, construed with the court's charge and the indictment to conclude that the jury found that the defendant was guilty and had theretofore twice been convicted for the offense of burglary. The assessment of the punishment at life under our habitual criminal statute, Art. 63, V.A.P.C., was proper. The first contention is overruled.

■ Petitioner next contends that the conviction is void, because he was indigent, did not have and did not intelligently waive counsel. The findings of the district judge are supported by the evidence at the habeas corpus hearing. Under the decisions of the Supreme Court of the United States in Gideon v. Wainwright, 372 U.S. 335, 83

S.Ct. 792, 9 L.Ed.2d 799, and in Burgett v. State of Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319, the conviction is void.

It is therefore ordered that petitioner be released from custody under said Cause No. 8751 and remanded to the Sheriff of Brazos County to answer to the indictment pending against him in said cause. Ex parte Cross, Tex.Cr.App., 427 S.W.2d 64, and Ex parte Gregg, Tex.Cr.App., 427 S.W.2d 66.