**Ex parte Sam FORD.**

**No. 42346.**

Court of Criminal Appeals of Texas.

Oct. 22, 1969.

Mark T. McDonald, court-appointed, Houston, for appellant.

Carol Vance, Dist. Atty., James C. Brough, Asst. Dist. Atty., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

**14**

## OPINION

BELCHER, Judge.

This is a habeas corpus proceeding under Article 11.07, Vernon's Ann.C.C.P., and in accordance with Ex parte Young, Tex. Cr.App., 418 S.W.2d 824. The petitioner attacks his conviction in Cause No. 116,766 in Criminal District Court No. 6 of Harris County for the offense of fondling under Article 535d of the Vernon's Ann.Penal Code, in which the petitioner was sentenced to life imprisonment, the punishment being enhanced by two prior felony convictions.

After a hearing in the trial court, Judge Fred M. Hooey of the District Court of Harris County found that in one of the enhancement convictions, Cause No. 40,-075, the petitioner was not represented by counsel, was not a literate person, did not knowingly and intelligently waive his right to counsel, did not have funds with which to employ an atttorney, and no attorney was appointed to represent him during the trial of Cause No. 40,075. The trial court also found that in the other case used for enhancement, Cause No. 59,684, the offense was not of the same or similar nature as that for which he was convicted in the primary case. Further, the trial court found that the petitioner had not served the maximum sentence in Cause No. 116,766, the primary case.

Judge Hooey, upon these findings which are supported by the evidence adduced at the hearing, correctly concluded that the petitioner is unlawfully restrained and his petition should be granted.

It is accordingly ordered that the petitioner be released from further confinement under the life sentence in Cause No. 116,766 and be remanded to the custody of the Sheriff of Harris County, Texas to answer the indictment in Cause No. 116,766. Ex parte Gregg, Tex.Cr.App., 427 S.W.2d 66; Ex parte Gordon, Tex.Cr. App., 439 S.W.2d 354.

It is so ordered.