**Ex parte Sherman COLEMAN.**

**No. 43001.**

Court of Criminal Appeals of Texas.

May 13, 1970.

Charles Galey, Lubbock, for appellant.

Blair Cherry, Jr., Dist. Atty., Lubbock, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

BELCHER, Judge.

This is a habeas corpus proceeding instituted under the provisions of Article 11.07, Vernon's Ann.C.C.P., by an inmate of the Texas Department of Corrections, attacking as void the conviction under which he is now confined.

After an evidentiary hearing in the 72nd District Court of Crosby County, Texas, the record was transmitted to this Court along with the trial court's findings of fact and conclusions of law.

The record reflects that the petitioner was convicted in 72nd District Court of Crosby County of murder with malice in 1961 (Cause Number 1308), and his punishment was assessed at 25 years. On appeal his conviction was affirmed in a per curiam opinion by this Court in that the record on appeal did not contain a statement of facts or bills of exceptions.

In his application for a writ of habeas corpus now before the court the petitioner contends that he was without an attorney at his sentencing, and further, at his sentencing he informed the trial court that he was without funds to employ an attorney for appeal and that he desired to appeal his

case to which the trial court informed the petitioner he could appeal his case, but that no attorney was appointed to represent the petitioner on appeal.

Following the hearing on the application for the writ of habeas corpus, Judge Pat S. Moore found as a matter of fact that the petitioner and his family employed an attorney to represent the petitioner at his trial on March 20, 1961, in Cause Number 1308, that immediately following the verdict of the jury, the petitioner's attorney withdrew from the case and never again represented the petitioner in any proceeding or matter concerning Cause Number 1308, that petitioner's attorney did not give notice of appeal nor was he present when the petitioner was sentenced on April 7, 1961, and that at sentencing, the petitioner personally gave notice of appeal and requested the appointment of counsel to represent him on appeal because at that time he was indigent.

Judge Moore further found that the trial court did not at any time appoint counsel to assist the petitioner in perfecting his appeal, that the petitioner remained in jail until his case was affirmed and since that date he has been in the Texas Department of Corrections, that the petitioner paid only approximately one-fifth of the attorney fees charged by the attorney who represented him at the trial of his case, that the petitioner was indigent when he gave notice of appeal, and that the record of the testimony given at the trial in Cause Number 1308 is no longer available.

Judge Moore concluded as a matter of law that the petitioner was denied his Sixth Amendment right to counsel on appeal, that it is impossible to grant an effective out-of-time appeal because the transcript of the testimony of the witnesses in the March 20, 1961 trial is no longer available, and that the petitioner's writ of habeas corpus is with merit and a new trial should be granted to the petitioner.

The trial court's findings are supported by the stipulations of the state, the appellant and his counsel, and the appellant's testimony.

■ The failure to appoint this indigent petitioner counsel on appeal after his timely request violated his Fourteenth and Sixth Amendment rights under the United States Constitution. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed. 2d 799; Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811; Swenson v. Bosler, 386 U.S. 258, 87 S.Ct. 996, 18 L. Ed.2d 33; Ex parte Gordon, Tex.Cr.App., 439 S.W.2d 354; Ex parte Marshall, Tex. Cr.App., 445 S.W.2d 212; Breen v. Beto, 5 Cir., 421 F.2d 945.

■ Because the transcript of the testimony at the petitioner's trial is no longer available and the petitioner cannot be granted an effective out-of-time appeal, the conviction in Cause Number 1308 is void. The petition for writ of habeas corpus is granted; the conviction is set aside, and the petitioner is ordered remanded to the custody of the sheriff of Crosby County, Texas to answer the indictment in Cause Number 1308.

It is so ordered.