Ex parte Charles J. AUTEN.

No. 42902.

Court of Criminal Appeals of Texas.

Oct. 7, 1970.

---

2. Care should be taken to see that consent to jury separation is obtained outside the presence of the jury.

---

Melvyn Carson Bruder, Dallas (Court-appointed), for petitioner.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

This is petitioner's third post-conviction application for writ of habeas corpus. Petitioner, an inmate of the Texas Department of Corrections, seeks discharge from confinement under a life sentence as a result of conviction for attempted burglary where two prior non-capital felony convictions were alleged and utilized for enhancement under Article 63, Vernon's Ann.P.C.[1] Such conviction was affirmed by this Court in Auten v. State, 429 S.W. 2d 894.

---

1. Petitioner's 1967 trial was a bifurcated one under the provisions of Article 37.07, Vernon's Ann.C.C.P., 1965. See also Article 36.01, V.A.C.C.P. After the jury verdict of guilty, the penalty was assessed by the court after a hearing on punishment.

Petitioner's first application was denied by this Court upon the trial court's findings of fact and conclusions of law.

Acting upon petitioner's second habeas corpus application the judge of the Criminal District Court of Dallas County concluded without a hearing that petitioner's 1952 Oklahoma conviction for burglary, second degree, was improperly used for enhancement because he was not represented by counsel at the trial and ordered the sentence reduced from life to four years (Article 62, V.A.P.C.), the maximum punishment for attempted burglary—the other prior conviction being also for burglary.

This second habeas corpus application and the relief prayed for was denied by the Court since, among other things, there was no allegation in said application or finding by the trial court that petitioner was indigent at the time of the Oklahoma conviction. See Ex parte Auten, Tex.Cr. App., 447 S.W.2d 159.

In this third application, the petitioner alleges that he was indigent at the time of his Oklahoma conviction, was not advised of his right to court appointed counsel, did not validly waive the right to counsel and was not represented by counsel at such 1952 trial. The Honorable Jerome Chamberlain, Judge of the Criminal District Court of Dallas County, conducted an evidentiary hearing at which petitioner's testimony supported the allegations of his application. He related he was 20 years old at the time with an 8th grade education, was indigent and was not represented by counsel. He testified he was advised of his right to be represented by an attorney but he was never advised that he was entitled to the appointment of counsel if indigent, and that he would have asked for such an attorney if he had known of such right as he wanted an attorney but was without funds to secure the same.

It does not appear that the State offered any evidence at such hearing.

Thereafter Judge Chamberlain found that at the time of the Oklahoma convic-

tion petitioner was indigent, without counsel and while he waived his right to an attorney, he was not advised of his right to a court appointed counsel and did not waive the right to have the assistance of such counsel. Judge Chamberlain again concluded petitioner was entitled to the relief sought.

Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733, made clear that the Sixth Amendment's provision that in all criminal prosecutions the accused shall enjoy the right to have the assistance of counsel for his defense was made obligatory upon the states by the Fourteenth Amendment, thus extending as a matter of due processs the right of appointed counsel to indigent defendants in all felony cases unless the right thereto had been intelligently waived.

■ And such decision is to be applied fully retroactively. Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319; Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199; Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601; Williams v. Alabama, 5 Cir., 341 F.2d 777; Ex parte Cross, Tex.Cr.App., 427 S. W.2d 64; Ex parte Williams, Tex.Cr.App., 420 S.W.2d 931.

■ There can be no question that if petitioner was indigent, without counsel and did not waive the same at his Oklahoma trial such conviction would be void and could not be used to enhance punishment. Greer v. Beto, 384 U.S. 269, 86 S. Ct. 1477, 16 L.Ed.2d 526; Ex parte Hammonds, Tex.Cr.App., 407 S.W.2d 779; Ex parte Cross, supra; Ex parte Stevenson, Tex.Cr.App., 422 S.W.2d 739.

■ This Court has held that the petitioner in a habeas corpus proceeding has the burden of proving by a preponderance of the evidence that he did not competently and intelligently waive a constitutional right which he asserts was denied him. Ex parte Morgan, Tex.Cr.App., 412 S.W. 2d 657; Ex parte Cross, supra. There can

be no doubt in the case at bar that petitioner has sustained by proof the allegations set forth in his habeas corpus application.

The question thus presented is whether his waiver of counsel at his 1952 pre-Gideon Oklahoma trial without being advised of his right to appointed counsel and while he was indigent constituted "an intelligent, voluntary and knowing" waiver of his constitutional right which accrued under Gideon.

The United States Supreme Court has always set high standards of proof for the waiver of constitutional rights. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694; Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). The waiver of constitutional rights will not be "lightly inferred" and the courts will " 'indulge every reasonable presumption against [the] waiver' of fundamental constitutional rights." Johnson v. Zerbst, supra. The "waiver" referred to may be defined as "an intentional relinquishment or abandonment of a known right or privilege." Johnson v. Zerbst, supra.

 It is now clear that the right to counsel may be waived only if the waiver is knowingly, voluntarily and intelligently made. Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830; Adams v. United States ex rel. McCann, 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268; Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70; Walton v. Arkansas, 371 U.S. 28, 83 S.Ct. 9, 9 L.Ed.2d 9. And once made, waivers are said to be viewed with mistrust and suspicion. Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309.

The determination of whether there has been an intelligent waiver of the right to counsel must depend in each case upon the particular facts and circumstances surrounding that case, including the background, experience and conduct of the accused. Johnson v. Zerbst, supra.

 It is known, however, that an accused's failure to request counsel is not a waiver of his constitutional right to the assistance of counsel, McNeal v. Culver, 365 U.S. 109, 81 S.Ct. 413, 5 L.Ed.2d 445; Carnley v. Cochran, supra (See also Miranda v. Arizona, supra), and it may not be presumed from a silent record even if it shows that the accused pled guilty that he intelligently and understandingly waived his right to counsel. Carnley v. Cochran, supra.

In Carnley v. Cochran, supra, it was said:

"Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver."

If Gideon would have had full application to petitioner's 1952 conviction if there had not been any waiver of counsel at all, can it be said that the waiver made without petitioner being advised of his right to appointed counsel if indigent was an intelligent and knowing waiver so as to prevent Gideon's application? We think not. Certainly the Oklahoma trial judge could not have foreseen the Gideon decision and its retroactive application and cannot be faulted for not including the same in his advice to the petitioner, but the petitioner who served such Oklahoma sentence should not, under the circumstances, be required to suffer again from deprivation of a constitutional right.

In Burgett v. Texas, supra, the Court said:

"To permit a conviction obtained in violation of Gideon v. Wainwright to be used against a person either to support guilt or enhance punishment for another offense (see Greer v. Beto, 384 U.S. 269, 86 S.Ct. 1447, [16 L.Ed.2d 526]) is to erode the principle of that case. Worse yet, since the defect in the prior convic-

tion was denial of right to counsel, the accused in effect suffers anew from the deprivation of that Sixth Amendment right."

██ And we do not view petitioner's court appointed counsel's stipulation (in which petitioner did not personally join) as to the truthfulness of the prior convictions alleged in the indictment as transforming an otherwise void conviction into a valid conviction available for enhancement of punishment.

██ It is clear then that petitioner's life conviction under the provisions of Article 63, V.A.P.C., cannot stand, and it having been made to appear that petitioner has credit for time in excess of four years, the maximum penalty for attempted burglary which punishment would be applicable under the provisions of Article 62, V.A.P.C., he is therefore ordered released. (See Ex parte Gregg, Tex.Cr.App., 427 S.W.2d 66; Ex parte Cross, Tex.Cr.App., 427 S.W.2d 64.)

It is so ordered.

DOUGLAS, J., not participating.