**Ex parte Edwin Bernard BARNES,
Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 43841.

Court of Criminal Appeals of Texas.

Feb. 3, 1971.

Johnny Phillips, Lubbock, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

This is petitioner's second application for writ of habeas corpus. Our denial of his first application is reported as Ex Parte Barnes, Tex.Cr.App., 456 S.W.2d 400. Petitioner was convicted in District Court of Lubbock County in 1958 under an indictment for the offense of felony theft, which alleged two prior convictions for passing a forged instrument and burglary. He was sentenced to life imprisonment.

Judge Bean has now found and certified to this Court that this petitioner did not waive the services of an attorney at the time his probation was revoked in the prior burglary conviction. Probation was revoked on January 31, 1948, because petitioner had committed an offense against the laws of the State of Texas during the term of his probation. He had earlier found that petitioner was indigent and was without counsel at the time of such revocation.

The maximum term for felony theft is ten years. It has now been shown that petitioner has credit for more than seventeen years.

Petitioner is ordered released from confinement by the Department of Corrections under his conviction in Cause No. 6569 in the District Court of Lubbock County, Texas. Crawford v. State, Tex.Cr.App., 435 S.W.2d 148; Ex Parte Fuller, Tex.Cr. App., 435 S.W.2d 515; Ex Parte Morgan, Tex.Cr.App., 412 S.W.2d 657; Ex Parte Greer, Tex.Cr.App., 408 S.W.2d 711.

It is so ordered.