**Ex parte Edward BYRD.**

**No. 44079.**

Court of Criminal Appeals of Texas.

April 20, 1971.

R. F. (Buck) Files, Jr., Tyler, Texas, for petitioner.

Curtis L. Owen, Dist. Atty., Tyler and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This is a habeas corpus proceeding under Art. 11.07 Vernon's Ann. C.C.P. and in accordance with Ex parte Young, Tex.Cr. App., 418 S.W.2d 824, in which the petitioner seeks his release from confinement in the Texas Department of Corrections. He was represented by counsel at his trial, where he was convicted by a jury in Cause No. 17,654 in the 7th Judicial District Court for the offense of burglary on January 16, 1967. He was found to be the same person who had previously been convicted of a like offense in Cause No. 17,010 in the 114th Judicial District Court and, pursuant to Art. 62 Vernon's Ann.P.C., his punishment was assessed at 12 years.

On appeal the judgment was affirmed by this court. See Byrd v. State, Tex.Cr. App., 435 S.W.2d 508.

Petitioner now contends, for the first time, that the enhancement part of the indictment and of his conviction is void because he did not have counsel at the time his probation (first conviction, Cause No. 17,010) was revoked.

A hearing was held to determine if relief should be granted. The Honorable R. P. Power, Judge of the 7th Judicial District, found the record was silent "as to counsel and waiver of counsel" at the hearing to revoke probation in Cause No. 17,010; that this was a denial of counsel; and that the application for writ of habeas corpus should be granted. The record reflects that petitioner was indigent at the time his probation was revoked in said cause and that he did not waive counsel at the hearing.

The record forwarded to this court sustains the findings and conclusions of the District Judge. Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70.

This court, in Ex parte Gregg, Tex.Cr. App., 427 S.W.2d 66, stated:

> "An applicant for writ of habeas corpus who is illegally restrained under a void felony conviction is entitled to release from further confinement thereunder. Whether he will be remanded to answer the indictment rests upon whether or not he has served the maximum term to which he could be legally sentenced under the indictment.
>
> "If he has credit sufficient to satisfy such maximum sentence he will be released outright." (Citing numerous cases.)

In the case at bar, petitioner has not served the maximum term to which he could have been sentenced for burglary. We hold that he is to be released from further confinement in the Department of Corrections under the void sentence and remanded to the custody of the Sheriff of Smith County to answer the indictment in Cause No. 17,654 in the 7th Judicial District Court. Ex parte Gregg, supra; Ex parte Cross, Tex.Cr.App. 427 S.W.2d 64; Ex parte Jackson, Tex.Cr.App., 423 S.W.2d 597; Ex parte Stevenson, Tex.Cr.App., 422 S.W.2d 739. See also Crawford v. State, Tex.Cr.App., 435 S.W.2d 148.

It is so ordered.