Ex parte Booker T. GRAVES.

No. 44174.

Court of Criminal Appeals of Texas.

June 9, 1971.

Booker T. Graves, pro se.

James Warren, Dist. Atty., Navasota, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is a habeas corpus proceeding under Article 11.07, Vernon's Ann.C.C.P., and in

accordance with Ex parte Young, Tex.Cr. App., 418 S.W.2d 824, in which the petitioner seeks his release from confinement in the Texas Department of Corrections. He challenges the legality of his conviction in Cause No. 7087 in the 12th Judicial District Court, Madison County, on December 9, 1952.

Petitioner contends that he was indigent at the time of his conviction, was not represented by counsel and that he did not waive his right to counsel.

A hearing was held to determine if relief should be granted. Honorable Reginald Bracewell, Judge of the 12th Judicial District, found that the petitioner was indigent and without counsel at the time of his trial in said cause No. 7087 for murder with malice and that he did not waive his right to counsel. These findings are amply supported by the record.

We hold that the petitioner is entitled to relief under Gideon v. Wainwright, 372 U. S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, which has been held to apply retroactively. Ex parte Gordon, Tex.Cr.App., 439 S.W.2d 354; Ex parte Williams, Tex.Cr.App., 420 S.W. 2d 931.

The application for habeas corpus is granted. Petitioner is to be released from further confinement in the Department of Corrections under the void sentence and remanded to the custody of the Sheriff of Madison County to answer the indictment in said cause No. 7087. See Ex parte Byrd, Tex.Cr.App., 465 S.W.2d 948; Ex parte Gregg, Tex.Cr.App., 427 S.W.2d 66; Ex parte Jackson, Tex.Cr.App., 423 S.W.2d 597; Ex parte Stevenson, Tex.Cr.App., 422 S.W.2d 739.

It is so ordered.