**Ex parte Charles YOUNG.**

**No. 40645.**

Court of Criminal Appeals of Texas.

July 26, 1967.

James P. Neill, Dallas, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

This is a habeas corpus proceeding attacking the validity of a life sentence for felony theft whereupon two prior convictions were used to enhance the punishment.

Petitioner alleges that the punishment in his primary conviction for felony theft was enhanced to life imprisonment by the use of two void sentences. The first was for burglary which resulted in a conviction in Cause No. 11450 in the District Court of Kaufman County in 1952 and the second was for burglary which resulted in a conviction in Cause No. 11620 in the same court in 1954. He contends that these sentences are void because he was not represented by counsel in either case at the time he plead guilty and waived a jury, as is required by Art. 1.13 Vernon's Ann.C.C.P. (1965) (Art. 10a, V.A.C.C.P., 1925). The records before this Court at this time substantiate petitioner's allegations. Each conviction is void. Wilson v. State, 157 Tex. Cr.R. 642, 252 S.W.2d 197, and Ex Parte Rawlins, 158 Tex.Cr.R. 346, 255 S.W.2d 877. Under the recent opinions by the Supreme Court of the United States in Greer v. Beto, 384 U.S. 269, 86 S.Ct. 1477, 16 L.Ed.2d 526, and opinions by this Court in Ex Parte Hammonds, Tex.Cr.App., 407 S.W.2d 779 and Ex Parte Greer, Tex.Cr.

App., 408 S.W.2d 711, such convictions cannot be used to enhance punishment.

The maximum punishment for felony theft is ten (10) years under Art. 1421, V.A.P.C.

The record reflects that petitioner has served in excess of ten years and is entitled to be released from further confinement under the life sentence in Cause No. C–9815–IJ from Dallas County.

It is so ordered.