**Charles Albert YOUNG, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 45398.**

Court of Criminal Appeals of Texas.

Dec. 20, 1972.

Rehearing Denied Jan. 24, 1973.

Herbert Green, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty., Robert T. Baskett, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for the offense of attempted burglary, with two prior non-

capital convictions alleged to enhance the punishment under the provisions of Article 63, Vernon's Ann.P.C.; the punishment, life.

One of the convictions utilized to enhance the punishment was that in Cause No. 11622 in Kaufman County. The appellant urges that it is void because obtained while he was unrepresented by counsel and, therefore, could not be used for the purpose of enhancement of the punishment. Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967); Greer v. Beto, 384 U.S. 269, 96 S.Ct. 1477, 16 L.Ed.2d 526 (1966); and see, e. g., Ex parte Shapley, 458 S.W.2d 687 (Tex.Cr.App.1970) and Ex parte Auten, 458 S.W.2d 466 (Tex.Cr. App.1970).

The appellant testified that he was not represented by counsel when he entered the plea of guilty in Cause No. 11622; that he was indigent and did not waive counsel.

The appellant also showed that he was convicted in Kaufman County in Cause No. 11620 on the same day and in the same court as in Cause No. 11622. In Ex parte Young, 417 S.W.2d 403 (Tex.Cr.App.1967), this court held that the conviction in Cause No. 11620 was a void conviction because the appellant had not been represented by counsel when he pled guilty to the offense of burglary in that cause.

The judgments in Cause Nos. 11622 and 11620 recite that the appellant "appeared in person, his counsel also being present." Counsel was not named.

Robert K. Ramsey, the County Attorney, and Wayne Pearson, his only assistant for Kaufman County at the time of the appellant's conviction in Cause Nos. 11622 and 11620, testified that it was the policy of the Honorable A. A. Dawson, who was then the district judge, to appoint a licensed attorney to represent all defendants who entered pleas of guilty. They could not recall him ever not doing so. They could not recall who represented Young nor the "specific circumstances" of his plea of guilty.

■ The appellant argues that "under the doctrine of stare decisis, a conviction should not be obtainable in this cause." The doctrine of stare decisis governs only the determination of questions of law and not questions of fact. It is a rule of precedent. See Swilley v. McCain, 374 S.W.2d 871 (Tex.1964). Here, it is a question of fact that is in issue. Was the appellant represented by counsel when he pled guilty in Cause No. 11622? We may and have considered the record in Ex parte Young, supra. It does not show that the appellant was not represented by counsel in Cause No. 11622.

In 1954, at the time the appellant was convicted in Cause No. 11622, Article 10a, Vernon's Ann.C.C.P., 1925, provided that where the defendant was not represented by counsel, the court had to appoint an attorney to represent the defendant before he could waive a jury and enter a plea of guilty.

■ We are unwilling to assume that the appellant did not have counsel in Cause No. 11622, because we have found that he did not have counsel in another cause in the same court on the same day.

The presumption of regularity to be accorded the judgment in Cause No. 11622 and the presumption that the court followed the law as required by Article 10a, V.A.C.C.P., 1925, have not been overcome by the evidence now before this court. Under the record in this case, the conviction in Cause No. 11622 was properly admitted into evidence for the purpose of the enhancement of punishment.

No other ground of error has been presented.

The judgment is affirmed.

Opinion approved by the Court.

MORRISON, Judge (dissenting).

In Swilley v. McCain, supra, an opinion by the Supreme Court of this State in a civil case, which the majority cites on the question of stare decisis, the Court stated:

"It is necessary at this point to notice two differences between the doctrine of res judicata and the rule of stare decisis. After a question of law or an issue of fact has been litigated and adjudicated in a court of competent jurisdiction, the same matter cannot be relitigated in a subsequent suit between the same parties or those in privity with them. This is by virtue of the doctrine of *res judicata, which* thus *extends to both questions of law and issues of fact* but *binds only the parties to the first suit* and those who claim under them." [Emphasis Supplied]

The parties in both Cause #11,620 and Cause #11,622 were the State of Texas and this appellant, Charles Albert Young. Both cases were tried, upon a plea of guilty to burglary, in the same court on the same date and before the same judge. I contend that when this Court held, in Ex parte Young, 417 S.W.2d 403, that appellant was not represented by counsel in Cause #11,-620, we adjudicated the same question of fact now before this Court; that is, we concluded that appellant, Charles Albert Young, was not represented by counsel when he appeared in the District Court of Kaufman County on September 20, 1954, and it cannot be litigated again.

Further, it is unreasonable to believe appellant was represented by counsel in one of these causes and not in another "back-to-back" case. My conclusions do not "assume" the appellant's lack of representation as the majority suggests, but rather, represent a logical extension and reasonable interpretation of this Court's earlier holding in Ex parte Young, supra.

I respectfully dissent to that portion of the majority opinion which fails to reform the judgment and sentence to reflect the invalidity of Cause #11,622.