**Ex parte Gerald C. HOWARD.**

**No. 63301.**

Court of Criminal Appeals of Texas, En Banc.

Jan. 9, 1980.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an application for writ of habeas corpus pursuant to Article 11.07, V.A.C.C.P.

Howard was convicted in 1956 upon pleas of guilty to eight burglary indictments. His punishment was assessed at twelve years on each, to run consecutively.

The hearing court made the following findings of fact:

"A. Concerning Petitioner's allegations of the lack of effective assistance of counsel at his trials on April 9, 1956:

"1. Petitioner's representation by counsel, Hervey Chesley, at his trials on April 9, 1956, was limited to the purpose of waiving jury trial.

"2. Petitioner had no counsel for purposes of investigating the charges against him, and no counsel to cross-examine witnesses produced against him at trial.

"3. Petitioner had no counsel for purposes of entry of his plea of 'guilty' to eight (8) separate indictments.

"4. Petitioner had no counsel for purposes of waiver of time between entry of judgment and sentence.

"5. Petitioner had no counsel for purposes of commencing an appeal or for purposes of appeal.

"6. The appointment of counsel was not required by statute for the entire trials in 1956, and the procedure followed in Petitioner's cases was the customary procedure in the 52nd Judicial District Court at the time.

"B. Concerning Petitioner's allegations that the judgments of conviction against him in all cases are void:

"1. The original docket sheets collectively in evidence as State's Exhibit No. 2 correctly reflect that both judgment and sentence in each case were set at two to twelve years indeterminately.

"2. The original docket sheet in Cause No. 9665, in State's Exhibit No. 2 correctly reflects a purported order

amending the Court's prior judgment in that cause only.

"3. The original judgments of record in Volume J, Section H, collectively entered as State's Exhibits No. 4 were materially altered subsequent to entry. The certified copies of judgments received by the Texas Department of Corrections on April 19, 1956 and collectively entered as a part of State's Exhibit No. 3 are true copies of the original judgments rendered and entered in each of the respective cases under consideration in this proceeding. "4. No new sentence or sentences were prepared, entered or filed subsequent to the hearing of December 6, 1957 at which the original judgments were purported to be modified."

The first of these findings was stipulated to by the State. The evidence adduced at the district court hearing supports the findings.

Petitioner having been denied the effective assistance of counsel, the relief requested is granted. It is ordered that the petitioner be returned to Bosque County to answer to the indictments.

ROBERTS, J., not participating.