IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-93-191-CR




EX PARTE: GERALD BERNARD MACK,



 APPELLANT


 




NO. 3-93-192-CR




GERALD MACK,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE COUNTY COURT AT LAW NO. 2 OF HAYS COUNTY



NO. 37,198, HONORABLE LINDA A. RODRIGUEZ, JUDGE PRESIDING



 





 Appellant Gerald Bernard Mack appeals his misdemeanor conviction for resisting
arrest. On August 27, 1992, appellant waived trial by jury and entered a guilty plea to the
information before the court. As part of a plea bargain, the trial court assessed appellant's
punishment at one year's confinement in the county jail and a fine of three hundred and fifty
dollars. The imposition of the sentence was suspended and appellant was placed on probation,
subject to certain conditions. On February 25, 1993, after a hearing, the trial court revoked
appellant's probation, finding that appellant had violated his probationary conditions by
committing the offense of theft, by failing to pay his monthly fine payment, and by failing to
complete "anger counseling" as ordered by the court. The formal judgment was entered on March
12, 1993.

 Thereafter, appellant filed an application for writ of habeas corpus. (1) The trial court
issued the writ, but, after a hearing, denied relief on April 1, 1993. On that same date, appellant
gave notice of appeal from the denial of relief in the habeas corpus proceedings, and also gave
timely notice of appeal from "Final Conviction for Resisting Arrest."

 Appellant has raised the same point of error in both appeals. He contends that
"there is insufficient evidence in the record to show that the defendant was made aware of the
dangers and disadvantages of self-representation, and to show that the defendant was offered
counsel but intelligently and understandingly rejected the offer." Because the same point of error
is advanced as the only contention in both appeals, they are consolidated for the purposes of
appeal.

 The point of error is multifarious. It complains of the failure of the record to (1)
show that appellant was advised of the dangers and disadvantages of self-representation and (2)
show that he validly waived the right to counsel in this misdemeanor case. By combining more
than one contention in a single point of error, an appellant risks rejection on the ground that
nothing is preserved for review. Sterling v. State, 800 S.W.2d 513, 521 (Tex. Crim. App. 1990),
cert. denied, 111 S. Ct. 2816 (1991); Kelley v. State, 817 S.W.2d 168, 172 (Tex. App.--Austin
1991, pet. ref'd). The right to self-representation does not arise from the defendant's power to
waive the assistance of counsel but, rather, arises independently from the Sixth Amendment right
to defend. Johnson v. State, 766 S.W.2d 277, 278 (Tex. Crim. App. 1988).

 We will, however, address the contentions. See Sterling, 800 S.W.2d at 521. In
his brief on appeal, appellant urges that he is appealing his "original conviction." He did not,
however, timely appeal when he was placed on probation, as he had a right to do. Tex. Code
Crim. Proc. Ann. art. 42.12, § 26(b) (West Supp. 1993). He has waived that right. Appellant
waited until his probation was revoked before he gave notice of appeal. Of course, he had the
right to appeal from the order revoking probation, which is an appealable order. Id. While the
appeal was given from the "final conviction," we do not deem the notice insufficient under Rule
40(b)(1). Tex. R. App. P. 40(b)(1). The notice was given within thirty days after the appealable
order of revocation was signed by the trial court. Tex. R. App. P. 41(b)(1).

 Generally, an appeal from an order revoking probation is limited to the propriety
of the revocation order and does not include a review of the original conviction. Trcka v. State,
744 S.W.2d 677, 680 (Tex. App.--Austin 1988, pet. ref'd); see also Burns v. State, 832 S.W.2d
695, 696 (Tex.App.--Corpus Christi 1992, no pet.). Normally, the only issue on appeal is whether
the trial court abused its discretion in revoking a defendant's probation. Lloyd v. State, 574
S.W.2d 159, 160 (Tex. Crim. App. 1978). Thus, failure to appeal from a conviction resulting
in probation waives the right to appeal, and any error in the trial court may not later be raised on
appeal from an order revoking probation. Sanders v. State, 657 S.W.2d 817, 819 (Tex.
App.--Houston [1st Dist.] 1983, no pet.). An exception exists, and the original conviction may
be collaterally attacked on appeal from a revocation of probation order if fundamental or
jurisdictional error was committed, or if the complaint is one that may be validly raised by habeas
corpus proceedings. Dinnery v. State, 592 S.W.2d 343, 350 (Tex. Crim. App. 1980); Traylor
v. State, 561 S.W.2d 492, 494 (Tex. Crim. App. 1978); Huggins v. State, 544 S.W.2d 147, 148
(Tex. Crim. App. 1976); Ramirez v. State, 486 S.W.2d 373, 374 (Tex. Crim. App. 1972); Evans
v. State, 690 S.W.2d 112, 115 (Tex. App.--El Paso 1985, pet. ref'd).

 Appellant has not raised any contention that the trial court abused its discretion in
revoking probation. In view of the collateral attack, we shall consider the point of error relating
to the constitutional right to counsel and the independent constitutional right of self-representation
which may be validly raised by habeas corpus proceedings. See Ex parte Howard, 591 S.W.2d
906 (Tex. Crim. App. 1979). This is an exception to the general rule.

 The judgment entered at the time probation was granted reflects that appellant
waived his right to counsel at the time he entered his guilty plea. There is a presumption of
regularity of a judgment of conviction and the proceedings, absent a showing to the contrary. Ex
parte Wilson, 716 S.W.2d 953, 956 (Tex. Crim. App. 1986); Thompson v. State, 641 S.W.2d
920, 921 (Tex. Crim. App. 1982); see also Vega v. State, 707 S.W.2d 557, 559 (Tex. Crim.
App. 1986). In this collateral attack, the burden is on the appellant to overcome the presumption. 
Wilson, 716 S.W.2d at 956; Carr v. State, 745 S.W.2d 51, 52 (Tex. App. --Houston [1st Dist.]
1987, no pet.)

 There is also a written waiver of counsel in the record. The waiver, inter alia,
reflects that appellant understood his right to be represented by an attorney and to have an attorney
appointed to represent him if he could not afford an attorney; and that he desired to waive the
right to counsel and did waive his right to be represented by an attorney or to have appointed
counsel if he could not afford one. The waiver as to the right to counsel was in substantial
compliance with the suggested form set forth in the statute. Tex. Code Crim. Proc. Ann. art.
1.051(g) (West Supp. 1993). The foregoing statute is, of course, not mandatory. Burgess v.
State, 816 S.W.2d 424, 431 (Tex. Crim. App. 1991). Although a waiver of the right to counsel
will not be presumed from a silent record, Carnley v. Cochran, 369 U.S. 506, 516 (1962); Parker
v. State, 545 S.W.2d 151, 155 (Tex. Crim. App. 1977), the waiver of such constitutional right
need not be in writing to be effective. Burgess, 816 S.W.2d at 430; Gallegos v. State, 425
S.W.2d 648, 650 (Tex. Crim. App. 1968). Appellant also waived, in writing, his right to have
his guilty-plea proceedings recorded. Any colloquy at the bench or statement of fact during such
proceedings pertaining to waivers is not in the record. Moreover, if appellant raised the
contentions he now advances on appeal at the revocation of probation hearing, when he was
represented by counsel, he has not brought that record forward. See Tex. R. App. P. 50(d)
(burden is on party seeking review to see that a sufficient record is presented to show error
requiring reversal). The testimony of the assistant criminal district attorney who prosecuted the
case and who also signed the multipurpose waiver form (2) is in the appellate record. He explained
the use of the waiver form in question. The prosecutor detailed how an explanation is made to
each defendant of his right to counsel, his right to a jury trial, the right of confrontation of
witnesses, etc.; that thereafter each defendant is asked if he has any questions and if he
understands the rights explained; and that if the defendant agrees that he understands his rights
and that he is freely and voluntarily waiving those rights, he is then asked to sign the waiver form. 
The prosecutor identified his signature on the waiver form filed in appellant's cause. We conclude
that the record is sufficient to show that the twenty-one-year-old appellant intelligently and
understandingly waived the right to counsel at the time of his guilty plea.

 We turn now to appellant's claim that there is insufficient evidence in the record
to show that he was made aware of the dangers and disadvantages of self-representation. Faretta
v. California, 422 U.S. 806 (1975), held that the Sixth Amendment, as made applicable to the
states by the Fourteenth Amendment, guarantees that a defendant in a state criminal trial has an
independent constitutional right of self-representation and that he may proceed to defend himself
when he voluntarily and intelligently elects to do so. If a defendant asserts his right to self-representation, he should be made aware of the dangers and disadvantages of self-representation
so that the record will establish that he knows what he is doing and his choice is made with his
eyes open. Id. at 835.

 Citing Faretta, the Court of Criminal Appeals recently held that "prior to any act
of self-representation by a defendant," the record should reflect that the defendant was admonished
as to the dangers and disadvantages of self-representation. Goffney v. State, 843 S.W.2d 583, 585
(Tex. Crim. App. 1992). In Goffney, the defendant pleaded not guilty to both charges and
defended himself in a jury trial. Both misdemeanor convictions were reversed because the
admonishments did not meet the requirements of Faretta.

 In Johnson v. State, 614 S.W.2d 116 (Tex. Crim. App. 1981) (op. on rehearing),
the Court of Criminal Appeals held that an admonishment as to the dangers and disadvantages of
self-representation need only be given in cases in which the defendant's guilt is contested. The
Johnson court found that when the defendant appears in court and confesses his guilt, "the issue
is not whether the trial court admonished the accused of the dangers and disadvantages of self-representation but, rather, whether there was a knowing, voluntary, and intelligent waiver of
counsel." Id. at 120; see also Cooper v. State, 854 S.W.2d 303, 304 (Tex. App.--Austin 1993,
no pet.).

 It is undisputed in the instant case that appellant entered a plea of guilty to the
misdemeanor charge, waived trial by jury, and received probation as part of a plea bargain. By
entering a plea of guilty in a misdemeanor case, a defendant admits every element of the offense
charged and the trial court is not required to hear evidence. Brown v. State, 507 S.W.2d 235, 238
(Tex. Crim. App. 1974); see also Tex. Code Crim. Proc. Ann. art. 27.14(a) (West 1989). 
Appellant makes no claim that he asserted his independent right to defend or his right to self-representation, and so informed the trial court. Faretta recognized the independent Sixth
Amendment right of an accused to conduct his own defense without participation "so long as he
unequivocally asserts his right to do so." Burgess, 816 S.W.2d at 430 (emphasis added). Goffney
was a later case than Johnson, but is distinguishable because Goffney involved a contested jury
trial and Johnson concerned a plea of guilty. We do not find that Goffney overruled Johnson,
expressly or otherwise. In Cooper, this Court stated: "We must assume that Johnson is good
law, and that a misdemeanor defendant who appears without counsel to confess his guilt need not
be admonished of the disadvantages of self-representation." Id. at 304.

 We find no merit to appellant's argument that his conviction should be reversed
because the record is insufficient to show that he was made aware of the dangers and
disadvantages of self-representation. The admonishments were not required under the
circumstances. The point of error is overruled.

 Appellant raises the same contentions in his appeal from the order denying habeas
corpus relief. Habeas corpus will not normally lie as a substitute for an appeal. Ex parte Clore,
690 S.W.2d 899, 900 (Tex. Crim. App. 1985); Ex parte McGowen, 645 S.W.2d 286, 288 (Tex.
Crim. App. 1983); Ex parte Gonzales, 667 S.W.2d 932, 935 (Tex. App.--Austin 1984, pet. ref'd). 
The purpose of habeas corpus is to determine the lawfulness of confinement. It is not a substitute
for an appeal. Ex parte Groves, 571 S.W.2d 888, 890 (Tex. Crim. App. 1978).

 The order revoking probation is affirmed. The appeal from the habeas corpus order
is dismissed.



 

 John F. Onion, Jr., Justice

Before Justices Jones, B. A. Smith and Onion*

No. 3-93-191-CR--Dismissed

No. 3-93-192-CR--Affirmed


Filed: November 24, 1993


Do Not Publish



































* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1988).

1.   The habeas corpus proceedings were filed under the same trial court number as the
resisting arrest charge. Habeas corpus proceedings are separate and distinct proceedings
from the criminal charge and should be given different cause numbers in the trial court.
2.   The waiver form also involved the waiver of the right to a jury trial and the prosecutor
consented to such waiver. As to the requirement of a written waiver of trial by jury in a
misdemeanor case, see Tex. Code Crim. Proc. Ann. art. 1.13 (West Supp. 1993); State ex rel
Curry v. Carr, 847 S.W.2d 561, 562 (Tex. Crim. App. 1993); Josey v. State, 857 S.W.2d 815
(Tex. App.--Houston [14th Dist.] 1993, no pet.).